(104 So. 140)

SNYDER v. STATE.    (8 Div. 283.)

(Court of Appeals of Alabama.    March 17, 1925.    Rehearing Denied April 21, 1925.)

1. Homicide ⚖=174(1)—Exclusion of testimony, as to whether deceased had not told witness to go away from him as having been cause of shooting, held not error.

In prosecution for murder of accused's father-in-law, where state's theory was unjustifiable homicide based on animosity and defense was self-defense, sustaining objection to question to accused's wife, whether her father, some time after the shooting, did not say to her when she was ministering to his suffering, "Get away from me, you are the cause of my death," held not error.

2. Witnesses ⚖=240(4)—Failure of trial judge to disallow question, because of its leading nature, held not abuse of discretion.

In murder prosecution, failure of trial judge to disallow because of its leading nature the question, "You have heard [defendant] threaten to kill your father [deceased]" held not abuse of discretion.

3. Criminal law ⚖=451(4)—Refusal to exclude answer, as calling for opinion or conclusion, held not error.

In murder prosecution where state on direct examination asked witness whether witness heard defendant threaten to kill deceased, overruling objection to question, or motion to exclude answer thereto, interposed against such testimony as calling for opinion or conclusion of witness, held not error.

4. Criminal law ⚖=1186(4)—Error in reception of evidence is not ground for reversal where jury's verdict would be the same, if evidence had been properly excluded.

Error in reception of evidence held not ground for reversal where verdict of jury would not be different, had the rulings of trial court been changed to meet the objections of accused, in view of Supreme Court rule 45 (Code 1923, vol. 4, p. 895).

5. Homicide ⚖=268—Weight of testimony, as to nonfinding of weapon at scene of homicide, held for jury.

Weight of testimony, as to nonfinding of weapon at scene of homicide, held for jury.

6. Homicide ⚖=338(3)—Reception of testimony if erroneous held not harmful.

Reception of testimony in behalf of state, as to fact that witness, 50 minutes after deceased was shot, examined place of difficulty and found no knife, held not harmful if erroneous, where identical testimony was given by witness for defendant and of a time more recent after homicide.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Paul Snyder was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Williams & Chenault, of Russellville, for appellant.

The statement made by deceased after the shooting to the wife of defendant should have been admitted in evidence. Nolan v. State, 207 Ala. 663, 93 So. 529. The testimony of the defendant's wife that defendant had made threats against deceased amounted to a conclusion, and was inadmissible. 22 C. J. 485. Counsel argue other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The statement purporting to have been made by deceased to his daughter, long after the shooting, was not admissible as a part of the res gestæ. 4 Michie's Ala. Dig. 186. A witness may properly testify that one party threatened another. Fuller v. State, 117 Ala. 36, 23 So. 688; 1 Mayfield's Dig., 837.

RICE, J. The defendant was indicted for murder in the second degree, convicted of manslaughter in the first degree, and he appeals.

The issues made by the evidence were very fully and fairly defined by the trial court in its able and comprehensive oral charge to the jury, and no exceptions are presented on account of any matters therein contained, or on account of the giving or refusal of any written charges. Some other exceptions reserved are not herein discussed because of the elementary nature of the principles of law involved, and because of the manifest harmlessness to the defendant, even if error, of the rulings complained of.

The evidence discloses that the deceased, the father-in-law of the defendant was shot by the defendant at or near a church, at which were gathered a number of people, who had come to attend night preaching services. It appears that no preacher arrived, and the people were standing around the steps and in the churchyard, preparatory to taking their several ways to their respective homes. The deceased after directing his daughters, one of whom was the estranged wife of the defendant, and who was at the time living with her father, and who had come to the church from her father's home, to go on home, approached the defendant, who was sitting upon the steps of the front door of the small church, and said to him in substance: "Paul, I want to see you a few minutes." The defendant arose and walked around on one side of the church with the deceased, and after a short interval fired one shot from a pistol into the body of deceased, from which death ensued. The testimony on the part of the state and of the defendant as to what occurred between the defendant and deceased from the time of the deceased's first remark to the defendant to the

time of the fatal shooting was in irreconcilable conflict. That for the state made a case of unjustifiable homicide. That for the defendant made a case of self-defense on his part.

[1] The defendant on the cross-examination of Grace Snyder, a witness for the state, asked her if it was not a fact that some time after the shooting, her father, the deceased, had, upon an occasion when she was ministering to his suffering, said to her, in the presence of one Ben Fisher, in substance, "Get away from me, you are the cause of my death." Objection by the state was sustained, and the argument is here made that this constituted error by the trial court that should reverse the case. It should be observed that the state contended that the killing was the result of animosity held by the defendant toward the deceased because of deceased's relation toward Grace Snyder, the wife of defendant, from whom he was separated. And the appellant contends that the testimony, above sought, was admissible as tending to corroborate the defendant's version, while testifying as a witness in his own behalf, of what took place during the fatal altercation between him and the deceased. But we know of no rule of evidence, and have been cited to none by appellant's able counsel, which would render the testimony mentioned competent or admissible. It was no part of the res gestæ, and was not sought to be brought under the rule whereby dying declarations are admitted in evidence. The trial court committed no error in sustaining the state's objection to the question calling for same. 4 Mich. Ala. Dig. p. 186, § 259.

[2, 3] Appellant insists that there was reversible error in the action of the trial court in overruling his objection to the following question propounded by the solicitor on direct examination to the state witness Grace Snyder: "You have heard Paul Snyder [the defendant] threaten to kill your father [the deceased]?" Manifestly the question, as framed, might well have been, by the court, disallowed, because of its leading nature, but no insistence is here made that there was any abuse by the trial judge of his discretion in that regard, as, in fact, there was none. But it is urged that the question called for but the mere opinion or conclusion of the witness. In this connection we wish to say that we are heartily in sympathy with the following observations of Mr. Wigmore:

"The opinion rule day by day exhibits its unpractical subtlety and its useless refinements of logic. Under this rule we accomplish little by enforcing it, and we should do no harm if we dispensed with it. * * * We should do no harm, because, even when the final opinion or inference is admitted, the inference amounts in force usually to nothing, unless it appears to be solidly based on satisfactory data, the existence and quality of which we can always bring out, if desirable on cross-examination." 3 Wigmore on Evidence, § 1929.

We do not mean to question, however, the general principles of the opinion rule as established by the decisions of our Supreme Court. But we think the spirit of the rule is not violated by the shorthand statement of defendant's "threats" against deceased, called for by the question, subject as it was to cross-examination by defendant. Fuller v. State, 117 Ala. 36, 23 So. 688. The fact that defendant, after the witness had answered the question in the affirmative, did not see fit to cross-examine her, or to undertake to bring out the particulars upon which she based her statement, would seem to bear us out in the conclusion we have reached that there was no error in overruling the objection to the question or the motion to exclude the answer.

[4] And, aside from what we have said above, we are of the opinion that the case in the light of rule 45 of the Supreme Court, Code 1923, vol. 4, p. 895, should not be reversed, because of the action of the trial court here in question, even if it be conceded that same was erroneous, as, after an examination of the entire cause, it clearly appears to us that the verdict of the jury would not probably have been different, had the rulings of the trial court in the particulars here under discussion been changed to meet the objections of the defendant.

[5, 6] The testimony of Dr. Gresham, admitted over defendant's objection, that some 50 minutes after the time deceased was shot he examined the place of the difficulty, and found no knife, we think not subject to the criticisms offered. The weight of this testimony was for the jury, and the fact that others were on the scene at an earlier time did not change that fact. Really, there was testimony by one Coburn, a witness introduced on behalf of defendant, of a nature and effect, identical with that given by Dr. Gresham, and of a time much more recent after the shooting, so that, in any event, the defendant was not harmed by the evidence here complained of.

We have given much care to an examination of the entire record, and are of the opinion that no prejudicial error occurred during defendant's trial, but that his case was fairly and impartially placed before a jury of his peers, under correct instructions as to the law, and that the judgment of conviction should be affirmed.

Affirmed.